No. 174.—C. F. DRANGUET, Administrator *v.* EMILE ROST.

The act of the sovereign power in proclaiming the abolition of slavery throughout the United States annulled all contracts based on slavery, and article 128 of the State Constitution did not affect such contracts by prohibiting the courts from enforcing them. Wainwright *v.* Bridges, 19 A. 234.

A promise made after emancipation, to pay a promissory note given for a slave, cannot be judicially enforced. Constitution art. 128.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn, J. Pierson & Levy,* for plaintiff and appellant, *Morse & Hyams,* for defendant and appellee.

LUDELING, C. J.    This appeal is from a judgment rejecting plaintiff's demand, which is based on a note given for a slave. It is urged that, as the defendant promised to pay the note after the emancipation of slavery, he became legally liable for the debt, for which he was already bound, *in foro conscientiæ.* This is contrary to the principles decided in the case of Wainwright *v.* Bridges. It is also contended that the article of the Constitution of this State, which declares contracts for the sale of persons null and void, and prohibits the courts from enforcing them, is violative of the Constitution of the United States. The decision in the Wainwright case is predicated upon the theory that the sovereign power had abrogated slavery, and all contracts based on slavery. If this be true (and we have reaffirmed it too often to question its correctness now), the State Constitution did not affect the obligation of these contracts by prohibiting courts from enforcing them, or by declaring a fact, that they were null.

It is therefore adjudged that the judgment of the District Court be affirmed with costs of appeal.